If a municipality collects taxes from the businesses within its police jurisdiction, that municipality must provide within the police jurisdiction services that cost the municipality the amount of the tax collected there. Holt Civic Club v. City ofTuscaloosa, 439 U.S. 60, 99 S.Ct. 383, 58 L.Ed.2d 292 (1978). I referred to this as a duty in the majority opinion in StateDepartment of Revenue v. Reynolds Metals Co., 541 So.2d 524
(Ala. 1988), where I was primarily expressing how a municipality's obligation to provide such services could be fulfilled. 541 So.2d at 531. If a municipality is providing within the police jurisdiction services the cost of which exceeds the amount of taxes collected there, then I believe the municipality has the right to curtail those services that the governing body of the municipality in its reasonable discretion elects to curtail. Using our customary standard of review, I was not persuaded from the facts in the record in City ofPrattville v. Joyner, 661 So.2d 1158 (Ala. 1995) (Joyner I), that Prattville was providing services costing more than the taxes collected from the police jurisdiction. Certainly, a full hearing is necessary to determine the costs of the services it is providing. I am now persuaded by additional briefs and oral argument that Joyner I was wrongly decided.